IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| IN RE: EMERSON ELECTRIC CO. ) <br> WET/DRY VAC MARKETING AND ) <br> SALES LITIGATION, ) <br> ) <br> ) <br> ) <br> THIS DOCUMENT APPLIES TO: ) <br> ) <br> ALL ACTIONS. ) <br> ) <br> ) | MDL No. 2382 <br><br> Civil Action No. 4:12-md-2382-HEA <br><br><br> **JURY TRIAL DEMANDED** |

**JOINT PROPOSED SCHEDULING PLAN**

I.   **INTRODUCTION**

A.  **Date and place of the conference and counsel present:**

Interim class counsel for the Plaintiffs (Eric Holland and Seth Crompton) and counsel for the Defendants (Joe Orlet, Mark Arnold and Matt Grant), exchanged written communications and several of the above participated in a telephone conference on August 19, 2013 to discuss the matters addressed in this Joint Proposed Scheduling Plan.

B.  **Nature and basis of the parties claims and defenses:**

**Plaintiffs' Position:**

Plaintiffs bring this action individually and on behalf of proposed classes of similarly-situated consumers seeking to address the uniform and pervasive pattern of fraudulent, deceptive, false and otherwise improper advertising, sales, and marketing practices that Defendant continues to engage in regarding its RIDGID brand wet/dry vacuums.[1]

At all times relevant to this action, Defendant through its extensive and comprehensive nationwide marketing and sales campaign intentionally overstated the RIDGID wet/dry

---

[1] Counsel in the *Gonzales et. al* matter have directed their claims solely to Craftsman® branded wet/dry vacuums and the Sears-related defendants.

1

vacuum's horsepower and tank capacity in that the RIDGID wet/dry vacuum cannot obtain electrical power consumption consistent with the claimed peak horsepower ratings and the functional tank capacity is smaller than the claimed tank capacity. Defendant has taken no meaningful steps to correct these misrepresentations and omissions.

By making these material misrepresentations and omissions, Defendants were able to extract a sales premium, or Plaintiffs would not have purchased the RIDGID wet/dry vacuum. As such, Plaintiffs, individually and on behalf of the members of the Classes they respectively seek to represent, seek damages and other remedies, including but not limited to the following: (a) injunctive relief requiring Defendants to (i) discontinue the above misrepresentations; (ii) undertake an immediate public information campaign as to their prior practices, and (iii) correct any erroneous misrepresentations in their marketing, sales and advertising; (b) actual, compensatory, consequential and/or incidental damages; (c) disgorgement of profits; (d) statutory pre- and post-judgment interest; and (e) attorneys' fees and costs as allowed by law.

Plaintiffs have not yet been afforded the opportunity to engage in discovery in this litigation.  Such discovery would, among other things, facilitate Plaintiffs' ability to precisely calculate the above categories of damages.  Plaintiffs believe that the schedule set forth below will facilitate such discovery and concomitantly, fulsome calculation of Plaintiffs' damages.

**Defendants' Position:**

Defendants deny that the Plaintiffs' allegations have any merit.  Moreover, Defendants specifically deny that any of the cases comprising this MDL are appropriate for class treatment.

**II.     SCHEDULING PLAN**

**A. Track Assignment:**

The parties suggest that Track 3 (complex) is the appropriate track assignment.

**B. Discovery plan and deadlines:**

> **a. Agreed upon provisions for disclosure of discovery of electronically stored information:**

The parties anticipate that discovery of electronically stored information ("ESI") in this litigation will be conducted pursuant to the applicable Federal Rules and Local Rules and, subject to Court approval, will be further governed by the terms of an ESI Stipulation that the parties are presently negotiating. The parties agree to continue to cooperate and work in good-faith toward reaching an agreement on the above-referenced ESI Stipulation.

> **b. Agreed upon provisions for asserting claims of privilege or of protection as trial-preparation material, including after production:**

The parties agree to continue to cooperate and work in good faith toward reaching an agreement on a proposed confidentiality and protective order. The parties further agree to revisit the issue of protecting trial preparation materials once the Court has determined whether the case in this MDL may proceed as a class action.

The parties agree to continue to meet and confer on the contents of a privilege log, including an agreed upon stipulation, or in the event the parties are unable to agree, a Court order, as to the format and substantive prerequisites for asserting any privilege.

> **c. Whether discovery should be conducted in phases or limited to certain issues:**

The parties anticipate that they will need discovery on whether class certification is appropriate under Fed. R. Civ. P. 23 and also on the merits of Plaintiffs' claims. However, the parties disagree as to whether discovery in this matter should be bifurcated between "class" and

3

"merits" issues. Plaintiffs believe that discovery in a complex, multi-district class action should focus on issues germane to class certification.  However, due to the nature of the issues involved, class certification issues may overlap with merits issues.  Accordingly, Plaintiffs propose full discovery to commence with the focus to be placed on class certification issues.  Plaintiffs' counsel in this matter have reached this agreement with other defendants in several other MDL cases and represent to the Court that not one time has a defendant objected to the scope of discovery request as being overly broad as merits based only.  In short, Plaintiffs believe that full discovery with a focus on class issues should commence immediately.  Defendants believe that discovery should be expressly limited to solely those issues relevant to the issue of class certification at this time.  Defendants believe that this is a superior manner in which to address this issue and to avoid unnecessarily troubling this Court with discovery disputes later in the discovery process.  In either event, the parties will confer in good-faith to resolve any disputes concerning the appropriate timing and scope of discovery.

Once the Court has rendered its decision on the propriety of class certification, the parties agree to confer on a joint proposed scheduling and discovery order for the remaining phase of the case, subject to any possible appeals, and would respectfully request a conference with the Court regarding the same.

### d. Limits on discovery:

Due to the nature of the case, the parties respectfully suggest that the presumptive limits of interrogatories and depositions should be extended.  Plaintiffs collectively may serve up to 50 interrogatories on the Defendants.  Defendants may serve up to 25 common interrogatories on all Plaintiffs and an additional 15 specific to each individual Plaintiff.  Additional interrogatories

4

may be served upon agreement of the receiving party or, in the absence of agreement, further order of the Court for good cause shown.

A maximum of 20 fact depositions may be taken by Plaintiffs and a maximum of 20 fact depositions may be taken by Defendants.  The parties' agreement as to the maximum number of depositions is based upon their understanding of the number of Plaintiffs in this MDL action, the current allegations in the pending complaints, and without the benefit of discovery.  Additional depositions may be permitted by agreement of the parties, or in the absence of further agreement, further order of the Court for good cause shown. This provision is without prejudice to any party to seek relief under Fed. R. Civ. P. 26(b)(2)(C) or other applicable rules.  Each deposition shall be limited to a maximum of seven (7) record hours, unless extended by agreement of the parties.

No physical or mental examination of parties will be requested.

e. **Discovery and pleading deadlines**

   i. Plaintiffs shall file a Consolidated Amended Complaint on or before September 16, 2013.

   ii. Defendant shall file a response to the Consolidated Amended Complaint, including any responsive motions, on or before October 14, 2013.

   iii. Plaintiffs shall have 21 days from the filing of any responsive motion to file a response.

   iv. Defendant shall have 7 days from the filing of any response to a responsive motion to file a reply.

      i. Plaintiffs propose that both initial discovery shall commence on September 30, 2013, including the disclosure of information and exchange of documents pursuant to Fed. R. Civ. P. 26(a)(1).

5

ii. Defendants propose that initial disclosures be provided no later than September 30, 2103, but that written discovery and depositions not proceed until the sooner of:

a) Defendants filing of an Answer; or

b) This Court's final ruling upon any Rule 12(b)(6) or similar motion that Defendants might file in response to the Consolidated Amended Complaint.

iii. In the event that the Court agrees with Plaintiffs' position, the parties have reached an agreement on the scheduling dates as set forth below.  However, should the Court agree with Defendants' position, Plaintiffs suggest that the below deadlines will not allow sufficient time to adequately  conduct discovery and as such, would respectfully request a separate scheduling conference on discovery and class certification issues following the occurrence of one of the events in the immediately preceding paragraph.

iv. Additional parties shall be joined by February 3, 2015.

v. Initial discovery shall be completed by June 30, 2014.

vi. Plaintiffs shall file their motion for class certification and proffer their opening class certification expert report(s) on or before August 15, 2014.

vii. Plaintiffs shall make their expert witnesses available for deposition on or before October 15, 2014.

      viii.    Defendant shall file their response to Plaintiffs' motion for class certification and proffer their responsive class certification expert report(s) on or before November 13, 2014.

      ix.    Defendants shall make their expert witnesses available for deposition on or before December 15, 2014.

      x.    Plaintiffs shall file their reply in support of motion for class certification and proffer their class certification expert rebuttal report(s) by January 26, 2015.

      xi.    Oral argument on Plaintiffs' Motion for Class Certification is set for _____, 2015 at \_\_\_\_\_ a.m./p.m.

**f. Trial and estimated length:**

The parties submit that these actions are triable to juries as to all claims. The parties respectfully propose deferring the consideration of one or more trial dates and associated deadlines, and any estimate of the length of trial(s), until after the Court has rendered its decision on the propriety of class certification.

**C. Parties' position regarding ADR:**

Plaintiffs are prepared to engage in meaningful settlement discussions at any time, including the formulation of and conveyance of a settlement demand. Furthermore, Plaintiffs are ready, willing, and able to engage in ADR, including mediation, in order to explore the possibility of settlement. Defendants do not believe that ADR would be fruitful at this time but remain open to considering the issue as this matter proceeds.

Wherefore, the parties respectfully request that the Court enter the proposed scheduling plan, and for any further relief the Court deems just and proper.

Respectfully Submitted,

By: /s/ R. Seth Crompton
**HOLLAND GROVES SCHNELLER & STOLZE, LLC**
Eric D. Holland #39935MO
R. Seth Crompton #57448MO
300 North Tucker Boulevard, Suite 801
St. Louis, Missouri 63101
Telephone: (314) 241-8111
Facsimile: (314) 241-5554
eholland@allfela.com
scrompton@allfela.com

John G. Simon, # 35231MO
Anthony G. Simon, # 38745MO
Ryan A. Keane, # 62112MO
800 Market Street, Suite 1700
St. Louis, Missouri 63101
P. 314.241.2929
F. 314.241.2029
jsimon@simonlawpc.com
rkeane@simonlawpc.com

*Interim Co-Lead Counsel*

Richard J. Arsenault
**NEBLETT, BEARD & ARSENAULT**
2220 Bonaventure Court
P.O. Box 1190
Alexandria, Louisiana 71309
Telephone: (216) 621-8484
Facsimile: (216)771-1632
rarsenault@nbalawfirm.com

John R. Climaco
**CLIMACO, WILCOX, PECA, TARANTINO & GAROFOLI CO., L.P.A.**
55 Public Square, Suite 1950
Cleveland, Ohio 44113
Telephone: (216) 621-8484
Facsimile: (216) 771-1632
jrclim@climacolaw.com

Charles E. Schaffer
**LEVIN, FISHBEIN, SEDRAN & BERMAN**
510 Walnut Street, Suite 500
Philadelphia, Pennsylvania 19106
Telephone: (215) 592-1500
Facsimile: (215) 592-4663
cschaffer@lfsblaw.com

Jordan L. Chaikin
**PARKER WAICHMAN LLP**
3301 Bonita Beach Road, Suite 101
Bonita Springs, Florida 34134
Telephone: (239) 390-1000
Facsimile: (239) 390-0055
jchaikin@yourlawyer.com

*Executive Committee*

Reginald Terrell, Esq.
**THE TERRELL LAW GROUP**
Post Office Box 13315, PMB #148
Oakland, California 94661
Telephone: (510) 237-9700
Facsimile: (510) 237-4616

***Counsel for Plaintiff***

/s/ Matthew R. Grant (with consent)
Matthew R. Grant
**HUSCH BLACKWELL**
The Plaza in Clayton
190 Carondelet Plaza
Suite 600
St. Louis, MO 63105
Telephone: (314) 480-1500
Fax: (314) 480-1505
matt.grant@huschblackwell.com

## CERTIFICATE OF SERVICE

I certify that a true copy of the foregoing was served electronically upon all counsel of record via the CM/ECF system on this 19th day of August, 2013.

/s/ R. Seth Crompton