UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| IN RE: EMERSON ELECTRIC CO. WET/DRY VAC MARKETING AND SALES LITIGATION, | MDL No. 2382 |
| | Case No. 4:12-md-2382-HEA |
| THIS DOCUMENT APPLIES TO: | |
| ALL ACTIONS | |

# OPINION, MEMORANDUM AND ORDER

This matter is before the court on the named Plaintiffs' Motion to file a third amended complaint, [Doc. No. 197]. Defendant opposes the Motion. For the reasons set forth below, the Motion will be denied.

This is an action for violations of the Missouri Merchandising Practices Act, Mo.Rev.Stat. § 1407.010, *et seq.,* breach of express warranty, breach of implied warranty, unjust enrichment, violations of consumer protection laws in various states for subclasses and breach of implied warranty-redhibition on behalf of the Louisiana subclass.

## Facts and Background

Plaintiffs allege defendant misled the public, including plaintiffs, into purchasing or paying more for defendant's product, the RIGID wet/dry vacuum, that did not perform as expressly and impliedly marketed through a national and

uniform advertising campaign.  The marketing was based on the stated wet/dry vacuum's "Peak HP."  Plaintiffs allege the vacuum cannot attain the advertised horsepower in a standard, household electrical wall outlet.

Plaintiffs sought certification under Missouri law, or alternatively with subclasses for the different home states of the various plaintiffs.  This Court granted the Motion to Certify, finding Missouri law applied to the class.  Defendants appealed this certification.  On November 1, 2019, the Eighth Circuit Court of Appeals reversed the certification and remanded the matter.  Plaintiffs now move to amend their complaint to add 28 new plaintiffs from 20 different states.

## Discussion

Because Plaintiffs seek to amend their complaint

> after the deadline for filing amended complaint has passed, they must show "good cause." *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 716 (8th Cir. 2008); *see also* Fed. R. Civ. P. 16(b)"The primary measure of good cause is the movant's diligence in attempting to meet deadlines." *Albright v. Mountain Home Sch. Dist.*, 926 F.3d 942, 951 (8th Cir. 2019) (citation omitted). Good cause may be shown by pointing to a change in the law, newly discovered facts, or another significant changed circumstance that requires amendment of a party's pleading. *Hartis v. Chi. Title Ins. Co.*, 694 F.3d 935, 948 (8th Cir. 2012).

<u>Ellingsworth v. Vermeer Mfg. Co.</u>, 949 F.3d 1097, 1100 (8th Cir. 2020).

Plaintiffs argue that the Eighth Circuit's November 1, 2019 ruling was a ground- breaking decision and that prior to the Opinion, Plaintiffs did not know they would be required to add additional states, which they now seek to do.

Contrary to Plaintiffs' position, as Defendants correctly argue, the Appellate Court's ruling is neither ground-breaking nor new. The Court found that this matter is appropriately analyzed under *Perras v. H & R Block*, 789 F.3d 914, 917 (8th Cir. 2015), rather than under *State ex rel. Nixon v. Estes, 108 S.W.3d 795, 801 (Mo.App.2003).*

> In our view, this case is more like *Perras* than *Estes*. As in *Perras*, every part of the challenged transaction took place in a class member's home state. Class members encountered the allegedly misleading advertising, purchased a vacuum, and ultimately were disappointed with its performance, all in their home states. As in *Perras*, the only relevant action taking place in Missouri was the design of the advertisement. That is not enough. The consumer protection law of each class member's home state governs each consumer protection claim and class certification is inappropriate as to those claims. *Perras*, 789 F.3d at 918; *see St. Jude*, 425 F.3d at 1120 ("State consumer protection laws vary considerably.") (quoting *In re Bridgestone/Firestone, Inc.*, 288 F.3d 1012, 1018 (7th Cir. 2002)).

*Hale v. Emerson Elec. Co.*, 942 F.3d 401, 404 (8th Cir. 2019).

Indeed, Plaintiffs were aware of *Perras* at the time of briefing the certification issues and argued against the applicability of *Perras*. The fact that this Court applied an analysis that the Appellate Court found inapplicable does not render the issue novel, ground-breaking, or new. Plaintiffs quite simply chose to stand on their strategy to pursue a nationwide class under Missouri law rather than

3

seek to join the proposed new Plaintiffs; Plaintiffs cannot now switch gears upon losing on appeal. Plaintiffs have failed to demonstrate "good cause" for amending their complaint after the time for doing so has expired.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for Leave to File Third Amended Complaint, [Doc. No. 197], is **denied**.

Dated this 8th day of July, 2020.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE