# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| IN RE: EMERSON ELECTRIC CO. ) <br> WET/DRY VAC MARKETING ) <br> AND SALES LITIGATION, ) <br> ) <br> ) <br> ) <br> ) <br> ) | CASE NO: 4:12MD2382 HEA |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court following a hearing on Plaintiffs' Motion for Class Certification held on January 26, 2022. At the hearing, Plaintiffs essentially asked the Court to reconsider its Opinion, Memorandum and Order which granted the Motions to Exclude Plaintiffs' experts, Stefan Boedeker and Laurence Nagel. Plaintiffs presented oral argument in support and Defendant orally responded in opposition. For the reasons set forth below, the Oral Motion to Reconsider will be denied.

### Background

This multi-district action was brought by plaintiffs on behalf of a putative class of purchasers of Defendant's RIGID brand vacuums. Plaintiffs claim Defendant misled plaintiffs through advertising the "peak horsepower," the maximum potential output of a motor, of the vacuums rather than the horsepower that is actually achievable using a standard wall outlet.

The Court originally certified a nationwide class, which certification was reversed on appeal. *Hale v. Emerson Electric Company*, 942 F.3d 401 (8th Cir. 2019). On remand, the issue of class certification remains pending. Plaintiffs now seek class certification with five state sub-classes, to wit, Missouri, Illinois, California, New York, and Louisiana.

## Discussion

"To be certified as a class, plaintiffs must meet all of the requirements of Rule 23(a) [of the Federal Rules of Civil Procedure] and must satisfy one of the three subsections of Rule 23(b)." *In re St. Jude Med., Inc.*, 425 F.3d 1116, 1119 (8th Cir. 2005) (citing *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 614 (1997)). "A party seeking class certification must affirmatively demonstrate his compliance with Rule 23." *Hudock v. LG Elecs. U.S.A., Inc.*, 12 F.4th 773, 775 (8th Cir. 2021) (quoting *Comcast Corp. v. Behrend*, 569 U.S. 27, 33 (2013)). "The movant must, among other things, satisfy "through evidentiary proof at least one of the provisions of Rule 23(b)." *Hudock v. LG Electronics*, 12 F.4th 773, 775–76 (8th Cir. 2021).

Certification of a class is proper only if, after "rigorous analysis," the Court is satisfied that the Rule 23 requirements are met. *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350-51 (2011) (internal quotation marks and citation omitted). Although that "rigorous analysis" may frequently entail some overlap with the

merits of the underlying claims, *see id.* at 351, "[m]erits questions may be considered only to the extent that they are relevant to determining whether the Rule 23 prerequisites for class certification are satisfied." *Amgen Inc. v. Connecticut Ret. Plans & Trust Funds*, 568 U.S. 455, 466 (2013). "[The Court's] primary task is not to determine the final disposition of a plaintiff's claims, but instead to examine whether those claims are appropriate for class resolution." *Postawko v. Missouri Dep't of Corr.*, 910 F.3d 1030, 1037 (8th Cir. 2018).

**Rule 23(a)**

Rule 23(a) allows individuals to sue on behalf of a class if: (1) the class is so numerous that joinder of all members is impracticable (numerosity); (2) there are questions of law or fact common to the class (commonality); (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class (typicality); and (4) the representative parties will fairly and adequately protect the interests of the class (adequacy). Fed. R. Civ. P. 23(a).

With respect to commonality, the common question "must be of such a nature that it is capable of classwide resolution—which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Dukes*, 564 U.S. at 350. "What matters to class certification is not the raising of common 'questions'—even in droves—but rather, the capacity of a class-wide proceeding to generate common *answers* apt to drive

3

the resolution of the litigation. Dissimilarities within the proposed class are what have the potential to impede the generation of common answer." *Id.* (emphasis in original).

**Rule 23(b)**

I. Rule 23(b)(1)

Certification under Rule 23(b)(1) may be maintained if prosecuting separate actions would create a risk of:

> (A) inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for the opposing class; or
>
> (B) adjudications with respect to individual class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests.

**Fed. R. Civ. P. 23(b)(1)**.

Rule 23(b)(1) classes are "mandatory," such that class members are not permitted to opt out and the court is not even required to provide class members notice of the action. *See Dukes*, 564 U.S. at 363. As such, class actions predominantly for individual monetary damages are not appropriate for certification of a Rule 23(b)(1); the "absence of notice and opt out violates due process" in such cases. *Id.* (citing *Phillips Petroleum Co. v. Shutts,* 472 U.S. 797, 812 (1985)).

II. Rule 23(b)(3)

Rule 23(b)(3) requires that "the questions of law or fact common to class members predominate over any questions affecting only individual members" (predominance), and that a class action "is superior to other available methods for fairly and efficiently adjudicating the controversy" (superiority). Fed. R. Civ. P. 23(b)(3). "The predominance requirement is 'demanding'; a court considering certification pursuant to Rule 23(b)(3) must take a 'close look at whether common questions predominate over individual ones.' " *Hudock v*, 12 F.4th at 776 (quoting *Comcast Corp.*, 569 U.S. at 34).

"Predominance subsumes the commonality requirement, so both can be analyzed through the lens of predominance." *Custom Hair Designs by Sandy v. Cent. Payment Co., LLC*, 984 F.3d 595, 601 (8th Cir. 2020). "The predominance inquiry 'asks whether the common, aggregation-enabling, issues in the case are more prevalent or important than the non-common, aggregation-defeating, individual issues.' " *Tyson Foods, Inc. v. Bouaphakeo*, 577 U.S. 442, 453 (2016) (quoting 2 W. Rubenstein, Newberg on Class Actions § 4:49, pp. 195-96 (5th ed. 2012)). "An individual question is one where members of a proposed class will need to present evidence that varies from member to member, while a common question is one where the same evidence will suffice for each member to make a prima facie showing or the issue is susceptible to generalized, class-wide proof."

5

*Johannessohn v. Polaris Indus. Inc.*, 9 F.4th 981, 984–85 (8th Cir. 2021) (citation omitted). "The predominance inquiry tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation, and goes to the efficiency of a class action as an alternative to individual suits." *Id.* Moreover, the calculation of damages must be based on a model applicable to all members of the class. *Comcast Corp.*, 569 U.S. at 35; *Cromeans v. Morgan Keegan & Co., Inc.*, 303 F.R.D. 543, 559 (W.D. Mo. 2014). If the measure of damages is based on a common model linked to plaintiffs' theory of liability, individual assessments of damages do not erode Rule 23(b)(3)'s predominance factor. *See Day v. Celadon Trucking Servs., Inc.*, 827 F.3d 817, 833 (8th Cir. 2016); *Cromeans*, 303 F.3d at 559; *McAllister v. St. Louis Rams, LLC*, No. 4:16-CV-172 SNLJ, 2018 WL 1299553, at *9 (E.D. Mo. Mar. 13, 2018), *amended in part*, 2018 WL 2869025 (E.D. Mo. Apr. 19, 2018).

On January 25, 2022, Plaintiffs filed their Notice of Supplemental Authority in which they advise the Court of two cases, *MacDougall v. Am. Honda Motor Co.*, No. 20-56060, 2021 WL 6101256 (9th Cir. Dec. 21, 2021) and *Hawes et al., v. Macy's Stores West, Inc.*, No. 1:17-CV-754, 2022 WL 194407 (S.D. Ohio Jan. 22, 2022). Plaintiffs submitted these cases in support of their request for reconsideration of the exclusion of their expert Stefan Boedeker. In *MacDougall*, the 9th Circuit Court of Appeals allowed Boedeker's proffered damages

methodology. The *MacDougall* Court concluded that Boedeker's lack of consideration of the supply side of the market was a question of weight to be given to his opinion rather than whether Boedeker's opinion should be excluded.

With regard to *Hawes*, as Defendant rightly observes, Boedeker advised that he *would* incorporate supply side considerations in his final computation by using actual market prices. No such representations were made in this case.

In its Opinion striking Boedeker as an expert, the Court conducted a *Daubert* analysis and found Boedeker's opinion and methodology lacking because he failed to perform testing with respect to the supply side and that he failed to supplement his opinion after remand from the 8th Circuit. While the 9th Circuit reversal concluded the issue was one of weight rather than admissibility, the Court is not persuaded. The Court articulated its reasoning for the conclusions.

Plaintiffs concede that without Boedeker's opinions they are unable to satisfy the requirements of Rule 23 and *Comcast*. Plaintiffs have not presented class-wide proof of misleadingness and damages. "Calculations need not be exact, see *Story Parchment Co. v. Paterson Parchment Paper Co.,* 282 U.S. 555, 563, 51 S.Ct. 248, 75 L.Ed. 544 (1931), but at the class-certification stage (as at trial), any model supporting a "plaintiff's damages case must be consistent with its liability case…see, *e.g., Image Tech. Servs. v. Eastman Kodak Co.,* 125 F.3d 1195, 1224 (C.A.9 1997). And for purposes of Rule 23, courts must conduct a " 'rigorous

7

analysis' " to determine whether that is so. *Wal–Mart, supra,* at ––––, 131 S.Ct., at 2551–2552." *Comcast*, 569 U.S. at 35.

Plaintiffs also request reconsideration of this Court's Opinion striking their proposed expert Laurence Nagel. Nagel's opinion was stricken because he was not qualified to give an opinion as to whether the marketing of Defendant's product was misleading since his expertise is engineering and not marketing. The Court's opinion in that regard is clear and requires no reconsideration.

## Conclusion

Based on the foregoing, the Court concludes there is no basis for reconsideration and denies the Oral Motion. As such, the Motion for Class Certification will likewise be denied.

Accordingly,

**IT IS HEREBY ORDERED** that the Oral Motion to Reconsider is **DENIED.**

**IT IS FURTHER ORDERED** that the Motion for Class Certification, [Doc. No. 224], is **DENIED**.

Dated this 7th day of March, 2022.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE